IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY HALL, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 1:24-1137-RDB |
| BALTIMORE POLICE DEPT., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

## MEMORANDUM OPINION

Now pending are Defendants Donald Licato and Frank Barlow's (collectively, the "Individual Defendants'") (I) Motion to Compel Plaintiff Anthony Hall ("Mr. Hall") and the Mid-Atlantic Innocence Project ("MAIP") to comply with a subpoena, ECF 44; (II) Motion to Show Cause why MAIP should not be held in contempt of court for failure to comply with a subpoena, ECF 44; and (III) Motion for Leave to File Electronic Media, ECF 45 (collectively, the "Motions"). On September 17, 2024, Judge Bennett, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, referred this case to me for "[a]ll discovery and related scheduling matters."  ECF 46.  I have reviewed the Individual Defendants' Motions, and no hearing is necessary.  For the following reasons, the Individual Defendants' Motions are DENIED WITHOUT PREJUDICE.

## I.      FACTUAL BACKGROUND

On April 18, 2024, Mr. Hall filed a complaint against the Baltimore Police Department, the Estate of John Barrick, and the Individual Defendants (collectively, the "Defendants") in this Court, alleging violations of federal and state law.  Compl., ECF 1.  Mr. Hall's claims arise from the Defendants' alleged concealment of exculpatory evidence and coercion of witness testimony during Mr. Hall's 1992 murder trial.  *Id.* at 1-5.  Mr. Hall was convicted of second-degree

murder and the use of a firearm in the commission of a violent crime on April 30, 1992.  *Id.* at 4.

In 2004, upon Mr. Hall's request, MAIP investigated his conviction.  *Id.* at 21.  MAIP's

investigation apparently revealed evidence that the Defendants concealed exculpatory evidence

and coerced witness testimony, including allegedly failing to disclose inconsistent witness

statements and pressuring witnesses to identify Mr. Hall as the perpetrator.  *Id.* at 22-23.  After

spending more than thirty years in prison and on parole, Mr. Hall filed a Petition for a Writ of

Actual Innocence in June of 2021.  *Id.* at 4, 23.  On March 15, 2023, the Circuit Court for

Baltimore City granted the petition, vacated his conviction, and ordered a new trial.  *Id.* at 4.  On

April 18, 2023, the State of Maryland dismissed Mr. Hall's case.  *Id.* at 24.  Mr. Hall then filed a

petition with the State of Maryland Office of Administrative Hearings ("OAH") on June 30,

2023, pursuant to the Walter Lomax Act, "seeking compensation for the time [Mr. Hall] served

in prison as a result of his wrongful conviction."  *Id.* at 4.  During the evidentiary hearing on the

petition, the OAH Administrative Law Judge ("ALJ") concluded that "Mr. Hall's conviction was

secured by the Defendants' coercion and misconduct to force [witnesses] to falsely incriminate

[Mr. Hall] for [the victim]'s murder."  *Id.* at 4-5.

 The Individual Defendants' Motions derive from MAIP's alleged refusal to produce

documents in compliance with a subpoena.  ECF 44, at 6-7.  The subpoena requests that MAIP,

among other things, provides documents relating to Mr. Hall and his 1992 murder trial during the

course of MAIP's 2004 investigation.  ECF 44-7, at 5.  On August 7, 2024, Mr. Hall, on behalf

of MAIP, submitted objections to the subpoena.  ECFs 44, at 6-7; 44-9.  On August 16, 2024, a

MAIP representative notified the Individual Defendants that MAIP "stand[ed] on the objections

raised by Mr. Hall[,]" and that MAIP intended to share the documents with Mr. Hall's counsel

for review.  ECFs 44, at 7; 44-10, at 2-3.  That same day, the Individual Defendants objected to

MAIP's intent on sharing the requested documents with Mr. Hall's counsel and requested that MAIP "maintain custody of [its documents] until [the parties] are able to meet and confer regarding a procedure that is acceptable to all parties."  ECF 44-10, at 2.  On August 21, 2024, counsel for the Individual Defendants, Plaintiff, and MAIP discussed by phone Plaintiff and MAIP's objections to the subpoena.  ECF 44, at 14-15.  The parties did not reach a resolution. *Id.* at 15.  The Individual Defendants then filed these Motions.

## II.     LEGAL STANDARD

"District courts enjoy substantial discretion in managing discovery, including granting or denying motions to compel."  *Pac. Life Ins. Co. v. Wells Fargo Bank, NA*, 702 F. Supp. 3d 370, 376 (D. Md. 2023) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)).

## III.    ANALYSIS

Here, the Individual Defendants failed to follow the procedural requirements of Local Rules 104.7 and 104.8 before filing the Motions.  Litigants have a duty to cooperate "with respect to planning and executing discovery or resolving discovery disputes."  *Anderson v. Reliance Standard Life Ins. Co.*, No. WDQ-11-1188, 2011 WL 4828891, at *1 (D. Md. Oct. 11, 2011) (citing *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 357-58 (D. Md. 2008)); D. Md. Loc. R. Appendix A, Guideline 1(a), (f) ("The parties and counsel have an obligation to cooperate in planning and conducting discovery to tailor the discovery to ensure that it meets these objectives . . .  Whenever possible, attorneys are expected to communicate with each other in good faith throughout the discovery process to resolve disputes without the need for intervention by the Court[.]").  In this Court, "a party cannot file a motion to compel . . . without first working cooperatively with the other party to resolve the dispute."  *Anderson*, 2011 WL

4828891, at *1.  As to discovery disputes concerning a non-party, Local Rules 104.7 and 104.8

provide procedural requirements that parties must follow before filing a motion to compel.

D. Md. Loc. R. 104.8; *see generally Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (citation

omitted) ("[L]ocal rules . . . have the force of law.").  Parties should first "confer with one

another[,]" D. Md. Loc. R. 104.8(b), and "make sincere attempts to resolve the differences

between them," *Anderson*, 2011 WL 4828891, at *1 (citation omitted).  If the parties are unable

to resolve the dispute, the requesting party should "serve a motion to compel on the opposing

party (not the Court), receive a response, and serve a reply."  *Id.* at *2 (citing D. Md. Loc. R.

104.8(a)-(b)).  "Only after this exchange may the requesting party file [a motion to compel] with

the Court[.]"  *Id.*

  After service of the motion and responses, the parties should then schedule a discovery

conference and "make a reasonable effort to resolve the differences between them."  D. Md. Loc.

R. 104.7; *see also Boukadoum v. Hubanks*, 239 F.R.D. 427, 431 (D. Md. 2006) ("[W]here

counsel subpoenas documents from a non-party, . . . and the documents are not forthcoming on

the appointed date, counsel must engage in a good faith effort to secure the non-party's

compliance before filing a motion to compel and must certify to the effort made as part of the

motion to compel.").  If the parties are still unable to resolve the dispute, the requesting party

must, before filing the motion to compel, file a certificate "reciting (a) the date, time, and place

of the discovery conference, and the names of all persons participating therein, or (b) counsel's

attempts to hold such a conference without success; and (c) an itemization of the issues requiring

resolution by the Court."  D. Md. Loc. R. 104.7; *see also Anderson*, 2011 WL 4828891, at *2

("[O]nly if the dispute still remains despite the parties' sincere efforts to resolve it [may the

requesting party file the motion to compel with the Court].").  The party should include, with the

certificate, a copy of the motion and responses that the parties served on one another.  D. Md. Loc. R. 104.8(c)(i).

Like in *Anderson*, the Individual Defendants filed the Motions with the Court rather than serve the Motions on Plaintiff or MAIP.  *See* 2011 WL 4828891, at *2; *Nam v. 365 Days, Inc.*, No. RWT-13-546, 2015 WL 6528141, at *2-3 (D. Md. Oct. 27, 2015) (denying without prejudice the plaintiff's motion to compel because the plaintiff filed the motion with the Court rather than serve the motion on the defendant).  Nothing in the record indicates that the Individual Defendants served the Motions on Plaintiff or MAIP before filing or that the parties exchanged responses or replies to the Motions.  *See Mary Ann Bender v. Wiegand Sports GMBH*, No. JKB-23-1511, 2024 WL 4202155, at *4-5 (D. Md. Sept. 16, 2024) (denying without prejudice the plaintiff's motion to compel because "the parties did not exchange motions, responses, or replies").  Furthermore, like in *Anderson* and *Nam*, the Individual Defendants did not file the certificate required under 104.7.  *See* 2011 WL 4828891, at *1-2; 2015 WL 6528141, at *3.

Moreover, not only did the Individual Defendants fail to satisfy Local Rules 104.7 and 104.8, they failed to follow case-specific orders regarding discovery disputes.  On June 24, 2024, Judge Bennett filed the Scheduling Order and an Order governing discovery disputes ("Judge Bennett's Order").  ECFs 14, 15.  Judge Bennett's Order provides that "before the filing of any motions relating to discovery disputes[, and i]n the event of a disagreement involving a discovery matter," the parties must schedule a conference with Judge Bennett, submit ex parte letters the day before the conference, and attend the conference.  ECF 15, at 1.  Judge Bennett's Order addresses "concern about the obstacles to timely, efficient, and inexpensive resolution of discovery disputes[,]" by allowing the Court "to resolve as many disputes as [it] can in this

informal manner" before determining whether the dispute "require[s] the filing of a motion and briefing[.]" *Id*. at 1-2. Before the Individual Defendants filed the Motions, the parties never contacted the Court to schedule a conference as directed. The Individual Defendants' behavior in filing the Motions simply does not reflect "working cooperatively with the other party to resolve the dispute" as the Court's rules and orders required in this case. *Anderson*, 2011 WL 4828891, at *1. Adherence to the Local Rules, as well as any orders specific to a particular case, furthers cooperation and may increase efficiency in resolving disputes. Accordingly, the Court expects compliance with such procedures going forward.

## IV.    CONCLUSION

For the reasons stated above, the Individual Defendants' Motions are DENIED WITHOUT PREJUDICE. The parties are DIRECTED to follow the procedures set forth in Local Rules 104.7 and 104.8. In general, in their efforts to resolve or raise discovery disputes, the parties shall comply with Judge Bennett's Order, the Local Rules, the Federal Rules of Civil Procedure, and the Discovery Guidelines of this Court. While the parties should follow case-specific orders, I find that following the Local Rules' procedures is appropriate here, rather than the informal procedure in Judge Bennett's Order, because the Individual Defendants have already incurred the time and expense of drafting and filing the Motions (albeit before following proper procedure), which is what the informal discovery process seeks to minimize. The Individual Defendants having taken these steps out of order, it may be inefficient to pursue an informal procedure after formal briefing has been drafted. Therefore, the Individual Defendants shall follow the Local Rules with respect to filing the now-pending Motions, including exchange of the Motions and any responses thereto, as well as filing the required certificate.

Date: August 23, 2024

_____ /S/

Charles D. Austin
United States Magistrate Judge