**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ANTHONY HALL,** | * | |
| **Plaintiff,** | * | |
| v. | | |
| | * | **CASE NO. 1:24-CV-01137-RDB** |
| **BALTIMORE POLICE DEPT.,** *et al.*, | | |
| | * | |
| **Defendants.** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \*

**CERTIFICATE OF DISCOVERY CONFERENCE**

Pursuant to Fed. R. Civ. P. 45, Local Rule 104.8, and in support of Individual Defendants' Motion to Compel Plaintiff and a Motion for Rule to Show Cause as to the Mid Atlantic Innocence Project ("MAIP") Regarding its Deficient Response to a Document Subpoena ("Motion to Compel"), undersigned counsel for the Individual Defendants certify:

1.  On July 25, 2024, and again on August 6, 2024, counsel for Individual Defendants served a records subpoena on MAIP.[1]

2.  On August 7, 2024, Plaintiff provided written objections to Individual Defendants on behalf of MAIP. The objections included that the subpoena was not properly served, that it sought documents protected by attorney-client privilege and attorney work product doctrine, and it was not limited in time and scope.

3.  On August 16, 2024, MAIP emailed counsel for Individual Defendants stating its intention to stand on Plaintiff's objections.

4.  On August 21, 2024, counsel for the Individual Defendants, counsel for the Plaintiff, and MAIP met and conferred virtually to attempt to resolve the dispute and avoid further litigation. The Parties' discussed their respective positions, but no resolution was reached. Plaintiff and MAIP stated that they would not produce any documents in response to Individual Defendants' subpoena. Plaintiff and MAIP stated their position that the subpoena was burdensome, overly broad and not limited in time and scope. They stated that even if those issues did not exist, attorney-client privilege and attorney work product

---

[1] On Friday, October 25, 2024, two days after the conclusion of the briefing schedule provided by the Local Rules, MAIP produced 4,500 of material to Individual Defendants and stated that there was one additional production to come. Local Rule 104.8. As will be discussed, *infra*, during the briefing process, Plaintiff itemized MAIP's file into 10 document categories; per MAIP, the October 25th production and the single remaining production encompassed document categories 1-5. *See*, *infra*, at ¶¶ 8-12. Thus, the remaining dispute pertains to the discoverability of document categories 6-10 and whether the discovery rules mandate that MAIP provide a privilege log. *Id.* at ¶¶ 8-12.

privilege shielded MAIP's file from production. Plaintiff and MAIP further argued that they were not required to provide a privilege log. Individual Defendants offered to pay for a third-party scanning service to scan and Bates label the file, but Plaintiff declined this option citing waiver grounds. MAIP stated that they would be hiring outside counsel.

    a. Counsel in attendance for Individual Defendants
        i. Alexander S. Rothstein
        ii. Ephraim Siff
        iii. Jami L. Galbraith
    b. Counsel in attendance for Plaintiff
        i. Kobie Flowers
    c. MAIP in attendance
        i. Shawn Armbrust

5. On September 13, 2024, counsel for the Individual Defendants filed the attached Motion to Compel.

6. On September 23, 2024, Magistrate Judge Charles Austin denied Individual Defendants' Motion to Compel without prejudice, ruling that Individual Defendants must follow the procedures set forth in Local Rules 104.7 and 104.8, which require that Individual Defendants' Motion to Compel, and any opposition and reply thereto be served upon the Parties, as opposed to filed with the Court. The Local Rules also requires that the Parties engage in a discovery conference at set points during the briefing process.

7. On September 23, 2024, Individual Defendants served its Motion to Compel on MAIP's counsel and Plaintiff's counsel.

8. On September 30, 2024, counsel for Individual Defendants, counsel for Plaintiff, and counsel for MAIP met and conferred telephonically to attempt to resolve the dispute. At the conclusion of the conference, the dispute was narrowed in the following way: Plaintiff itemized the MAIP file into ten document categories.[2] Plaintiff and MAIP agreed that document categories 1-5 were discoverable and that they would be produced. Plaintiff and MAIP asserted attorney-client and work product privileges over document categories 6-10. Plaintiff and MAIP offered to produce a privilege log for categories 9 and 10 if Individual Defendants agreed to withdraw their request for documents or a privilege log for categories 6-8. Individual Defendants did not agree to sacrifice their right to a privilege log for categories 6-8, so the parties did not come to a resolution.

    a. Counsel in attendance for Individual Defendants
        i. Shneur Nathan
        ii. Alexander S. Rothstein
        iii. Ephraim Siff
        iv. Jami L. Galbraith

---

[2] The document categories are identified in Plaintiff's Opposition. *See* Plaintiff's Opp'n at 5. MAIP is not asserting any privilege over document categories 1-5 but are broadly asserting attorney-client privilege and/or work product privilege over document categories 6-10.

           v.  Perry Wasserman

    b.  Counsel in attendance for Plaintiff

        i.  Katlin O'Brien

        ii.  Barry Pollack

    c.  Counsel in attendance for MAIP

        i.  Lillian Smith

        ii.  Gavan Gideon

9. On October 9, 2024, counsel for Plaintiff and MAIP served their respective oppositions on Individual Defendants.

10. On October 11, 2024, counsel for Individual Defendants, counsel for Plaintiff, and MAIP met and conferred virtually to again attempt to resolve the dispute as it pertained to document categories 6-10, including Individual Defendants position that the discovery rules required that MAIP provide a privilege log over the entirety of its file; MAIP maintained that the request was overly broad and burdensome.[3] Plaintiff and MAIP stated that Individual Defendants have not identified that they are entitled to these documents. Plaintiff and MAIP agreed that their respective positions did not change—that they would not produce documents among categories 6-10 with an accompanying privilege log identifying assertions of privilege pertaining to any redactions.

    a.  Counsel in attendance for Individual Defendants

        i.  Alexander S. Rothstein

        ii.  Jami L. Galbraith

        iii.  Perry Wasserman

    b.  Counsel in attendance for Plaintiff

        i.  Katlin O'Brien

        ii.  Neel Lalchandani

    c.  Counsel in attendance for MAIP

        i.  Lillian Smith

11. On October 23, 2024, counsel for Individual Defendants served their Reply in further support of their Motion to Compel on MAIP's counsel and Plaintiff's counsel.

12. On October 25, 2024, after the conclusion of the briefing process, counsel for Individual Defendants, counsel for Plaintiff, and MAIP met and conferred virtually to attempt to resolve the dispute. Earlier that day, MAIP produced 4,500 pages of material and stated on the call that another production was forthcoming. MAIP and Plaintiff confirmed that the material provided that day and the forthcoming material encompassed document categories 1-5 as identified by Plaintiff. Individual Defendants maintained its position that it was entitled to production of all non-privileged material responsive to their subpoena with an accompanying privilege log. MAIP and Plaintiff maintained its position that they were not required to provide a privilege log because Individual Defendants subpoena was overbroad,

---

[3] At the final discovery conference on October 25, 2024, counsel for MAIP and counsel for Plaintiff confirmed that any redactions appearing within items 1-5 were applied externally, and not by counsel. *See*, *infra*, at ¶ 12.

that the creation of a privilege log related to document categories 6-8 was unduly burdensome, and that Individual Defendants have not articulated that they are entitled to documents in these categories.

    a. Counsel in attendance for Individual Defendants
   - i. Alexander S. Rothstein
   - ii. Jami L. Galbraith
   - iii. Perry Wasserman

    b. Counsel in attendance for Plaintiff
   - i. Katlin O'Brien
   - ii. Neel Lalchandani

    c. Counsel in attendance for MAIP
   - i. Lillian Smith
   - ii. Gavan Gideon

13. Given the lack of resolution pertaining to document categories 6-10, Individual Defendants hereby attach their Motion to Compel with exhibits 1-15, Plaintiff's and MAIP's respective oppositions with exhibits 1-2, and Individual Defendants' Reply in furtherance of their Motion to Compel.

DATED: October 30, 2024                    Respectfully submitted,

                                          */s/ Jami L. Galbraith*
Shneur Nathan, Bar No. 20707
Avi T. Kamionski, Bar No. 20703
Alexander S. Rothstein, Bar No. 23228
Jami L. Galbraith, Bar No. 80006
Nathan & Kamionski LLP
575 S. Charles St., Suite 402
Baltimore, MD 21201
Phone: (410) 885-4349
Fax: (952) 658-3011
snathan@nklawllp.com
akamionski@nklawllp.com
arothstein@nklawllp.com
jgalbraith@nklawllp.com
*Counsel for Officer Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2024, I caused the foregoing document to be electronically filed with the Court's CM/ECF system, which will send an electronic copy of the same to all counsel of record.

/s/ *Jami L. Galbraith*