U.S. District Court
for the District of Maryland
(Northern Division)

| | |
|---|---|
| **Anthony Hall**, <br><br>   Plaintiff, <br><br> v. <br><br> **Baltimore Police Dept., et al.**, <br><br>   Defendants. | Case No. 1:24-CV-1137-RDB |

### Joint Motion to Stay Case

Plaintiff and Defendants jointly move this Court to stay all proceedings in this case based on the Parties: (1) having reached a settlement in principle, (2) having documented that agreement in principle in writing, and (3) having exchanged drafts of what is intended to become a final written settlement ("Settlement Agreement"), and (4) needing more time to finalize the Settlement Agreement by obtaining the necessary approval from Baltimore City's Board of Estimates. In support of this Motion, the Parties provide the following:

#### FACTUAL BACKGROUND

On October 31, 2025, the Parties informed the Court that they had reached the final stages of negotiations and expected the case to settle in November 2025. Consistent with that representation, the Parties have now reached a settlement agreement in principle, have documented that agreement in principle and exchanged drafts of a final written settlement agreement. Also, the Parties are diligently working to address remaining documentation details and secure the necessary approvals for the Settlement Agreement. The Parties file this Motion in compliance with the Court's guidance, provided during the November 3, 2025, teleconference.

## LEGAL STANDARD

District courts possess broad discretion to stay proceedings to promote judicial economy, avoid unnecessary litigation expense, and facilitate settlement. The power to stay a case rests in the inherent authority of every court to control the disposition of cases on its docket, ensuring the efficient use of time and effort for the court, counsel, and litigants. *See United States v. Rudy's Performance Parts, Inc.,* 647 F. Supp. 3d 408, 413 (M.D.N.C. 2022) (internal citations omitted). When deciding whether to grant a stay, courts often consider factors such as: (1) judicial economy, (2) hardship and equity to the moving party if the case is not stayed, and (3) potential prejudice to the non-moving party. *See Nationwide Gen. Insurance Company v. Staples*, 626 F.Supp.3d 899, 913 (E.D. Va. 2022) (analyzing the three factors).

## ARGUMENT

### I. A stay will promote judicial economy, avoid hardship, and not prejudice the Parties.

First, the Parties have reached an agreement in principle that has been documented in a draft settlement agreement; the Parties expect to finalize the settlement agreement upon the completion of remaining documentation steps and approvals; thus, continued litigation would be inefficient and potentially moot. The Parties already apprised Court that settlement appeared imminent, and a short stay now will conserve judicial resources while the Parties finalize the Settlement Agreement. Second, both Parties request this stay because both Parties desire to settle the case under the agreed-to-in-principle-written settlement agreement. Finally, both Parties request this stay and neither will suffer unfair prejudice if the Court grants the stay.

**II.   The Parties seek this relief consistent with the Court's guidance.**

The Parties file this Motion to Stay in compliance with the Court's guidance during the November 3, 2025, teleconference and thus the Parties seek a litigation pause to permit completion of settlement formalities and anticipated dismissal filings. As the Court noted in that November 2025 teleconference, should the Settlement Agreement fall through, then trial will commence on August 3, 2026, with a pre-trial motions hearing date on July 27, 2026.

## CONCLUSION

For these reasons, the Parties jointly request that the Court enter an Order with the following details:

1. Staying all proceedings and deadlines in this case, through **December 18, 2025**;

2. Before that date, should the Settlement Agreement be finalized, as it is anticipated it will be, the Parties will seek a further stay through **July 16, 2026** to allow for approval of the Settlement Agreement by Baltimore City's Board of Estimates;

3. As noted during the Court's November 2025 teleconference, should the Settlement Agreement not be finalized or should it not be approved by Baltimore City's Board of Estimates, trial will commence on **August 3, 2026**, with a pre-trial motions hearing date of **July 27, 2026**; and

4. Granting such further relief as the Court deems appropriate to facilitate the Parties' Settlement Agreement.

Respectfully submitted,

/s/
Kobie Flowers
Fed. Bar No. 16511
Doug Keller
Fed. Bar. No. 31815
FLOWERS KELLER LLP
1601 Connecticut Avenue, NW
Suite 800
Washington, D.C. 20009
202.521.8742
kflowers@flowerskeller.com
dkeller@flowerskeller.com

Barry Pollack
Fed. Bar No. 12415
HARRIS ST. LAURENT &WECHSLER LLP
1775 Pennsylvania Avenue, NW
Suite 650
Washington, D.C. 20006
202.617.5971
bpollack@hs-law.com

**Attorneys for Anthony Hall**

/s/
Justin S. Conroy (28480)
Kara K. Lynch (29351)
Brent D. Schubert (19593)
Baltimore City Department of Law
Office of Legal Affair
100 N. Holliday St.
Baltimore, MD 21202
443.529.7989
justin.conroy@baltimorepolice.org
kara.lynch@baltimorepolice.org
brent.schubert@baltimorepolice.org

**Counsel for Defendant Baltimore Police Department**

/s/
Shneur Nathan (20707)
Avi Kamionski (20703)
Perry Wasserman (31209)
Jami L. Galbraith (31219)
NATHAN & KAMIONSKI LLP
575 S. Charles St., Ste. 402
Baltimore, MD 21201
312.612.1955
snathan@nklawllp.com
akamionski@nklawllp.com
pwasserman@nklawllp.com
jgalbraith@nklawllp.com

**Counsel for Officer Defendants**